**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**AZERY C. NELSON**                                                      **PETITIONER**
**ADC #141178**

**VS.**                          **CASE NO.: 5:11CV00060-BD**

**RAY HOBBS, Director,**                                              **RESPONDENT**
**Arkansas Department of Correction**

**MEMORANDUM OPINION AND ORDER**

Petitioner Azery C. Nelson, an inmate in the Arkansas Department of Correction

("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry

#2), challenging his conviction in the Circuit Court of Pulaski County, Arkansas.

Respondent Ray Hobbs has responded to the petition.  (#10)  For the following reasons,

Mr. Nelson's petition must be DENIED and DISMISSED.

**I.     Background**

On February 5, 2008, Mr. Nelson entered a guilty plea to two counts of aggravated

robbery; two counts of kidnapping; two counts of theft of property; two counts of

fraudulent use of a credit card; and criminal attempt to commit capital murder.  (#2, p. 1;

#10-1)  He is currently serving an aggregate 45-year term of imprisonment for these

crimes.  (#10-1)

Mr. Nelson could not file a direct appeal because of his unconditional guilty plea.

ARK.R.APP.P.-CRIM. 1(a)("Except as provided by A.R.Cr.P. 24.3(b) there shall be no

appeal from a plea of guilty or nolo contendere.").  And he did not file a Rule 37 petition

for post-conviction relief.  Instead, on March 3, 2010, Mr. Nelson filed a petition for writ of habeas corpus in the Circuit Court of Lincoln County, Arkansas.  (#3, p. 22-33)  The Lincoln County Court denied and dismissed the petition on June 29, 2010.  (#3, p. 44-46)  On July 12, 2010, Mr. Nelson filed a notice of appeal, but apparently never perfected this appeal.  There is no record of an appeal from the denial of his State habeas corpus petition.  (#3, p. 48-52)

Mr. Nelson filed the current federal petition for writ of habeas corpus on March 10, 2011, claiming due process violations related to his guilty plea and his attempt to appeal.  (#2)  In response to the petition, Mr. Hobbs contends that Mr. Nelson's claims are time-barred and procedurally defaulted.  (#10)  Because the petition is time-barred, the Court will not address the procedural default or potential merits of the claims.

## II.   <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The controlling statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Here, Respondent Hobbs provides two different dates for when Mr. Nelson's judgment was final– August 26, 2008, and February 5, 2008.  (#10, p. 4-5)  Mr. Nelson

appeared and entered a guilty plea on February 5, 2008, but the trial court did not execute the two judgment and commitment orders until February 15, 2008, and February 25, 2008.[1] (#10-1, p. 7, 13)  The Circuit Court did not actually enter the judgment and commitment orders until February 21, 2008, and March 4, 2008.  (#10-1, p. 1, 8)

Under Arkansas law, Mr. Nelson could not appeal his unconditional guilty plea, so the judgment became final on March 4, 2008, the day the circuit court entered the amended judgment and commitment order.  See *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681 (2009)(for purposes of §2241(d)(1)(A), direct review concludes when the availability of direct appeal is exhausted).  On that date, the one-year limitations period began to run.

Mr. Nelson filed this federal habeas petition on March 10, 2011– obviously more than a year after his conviction became final on March 4, 2008.  (#2)  Accordingly, his claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

A.    *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period.  28 U.S.C. § 2244(d)(2)  Mr. Nelson, however, did not file a Rule 37 post-conviction petition so as to trigger 28 U.S.C. § 2244(d)(2)'s tolling provision.  *Walker v. Norris*, 436 F.3d 1026, 1030

---

[1] The second judgment and commitment order is an amended order.  (#10-1, p. 1)

3

(8th Cir. 2006).  Instead, on March 3, 2010, he filed a State habeas corpus petition in the Circuit Court of Lincoln County, Arkansas.  (#3, p. 22-33)  Assuming this petition tolled the statute of limitations, almost two full years elapsed between the time Mr. Nelson's conviction became final and the date he filed his State habeas petition.  Based on this undisputed time calculation, Mr. Nelson's federal petition was not timely, if he is relying on statutory tolling.  So, his claims are barred unless saved by equitable tolling.

B.      *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).  A petitioner who invokes equitable tolling, however. bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).  Equitable tolling affords an "exceedingly narrow window of relief."  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Based on the record here, the Court cannot conclude that Mr. Nelson diligently pursued his rights.  He admits that he filed his State petition on March 3, 2010.  (#2, p. 2) He has offered no explanation for his two-year delay in pursuing state habeas relief– from March 4, 2008, until March 3, 2010.

In his brief in support of his federal petition, Mr. Nelson notes that he attempted to file his State habeas petition in December of 2009.  (#3, p. 3)  Even though Mr. Nelson

4

requested leave to proceed *in forma pauperis*, the Lincoln County Circuit Clerk held his petition– unfiled– until Mr. Nelson's family paid the filing fee in full.  (#3, p. 16-20) Assuming this to be true, this would certainly constitute an extraordinary impediment to an inmate's ability to pursue a writ of habeas corpus.  If this is the policy followed in Lincoln County, it might well excuse a petitioner's delay, given the stringent time limits at issue, and the limited resources generally available to inmates.

But even assuming the Clerk's decision to hold the State petition unfiled for over three months to be an extraordinary circumstance, this circumstance is of no avail to Mr. Nelson in this case.  The attempted filing in December of 2009 was still more that one year after Mr. Nelson's conviction became final on March 4, 2008.  Accordingly, equitable tolling cannot save Mr. Nelson's federal petition.  Even giving Mr. Nelson the benefit of every doubt, the time that elapsed from the date his conviction became final until the date he first attempted to file his State petition renders this federal petition time-barred.

**III.    <u>Certificate of Appealability</u>**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Nelson has made a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253(c)(1)-(2).  In this case, Mr. Nelson has not provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of appealability is denied.

## IV.    <u>Conclusion</u>

Mr. Nelson's petition is time-barred.  For that reason, Azery C. Nelson's petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 24th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE